NARCISSE N. S. DAUDELIN *vs.* SAMUEL T. LEE.

Bristol.    October 25, 1926. — November 27, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Decree, Costs.    *Mortgage*, Of real estate.
*Equity Jurisdiction*, Mistake.

The awarding of costs in a final decree in a suit of equity lies in the discretion of the court.

At the hearing of a suit in equity to reform, by reason of an alleged mutual mistake of the parties, a negotiable promissory note payable on demand and a mortgage which secured it, so that they would provide for a payment by instalments in four years, and to enjoin foreclosure of the mortgage, it appeared that the allegations of the bill as to mistake were true, that arrears of payments were due if the note read as the plaintiff contended, and that taxes were unpaid.    A restraining order *pendente lite* was issued when the bill was filed.    A final decree was entered ordering that the note and mortgage be reformed as prayed for, that the plaintiff pay principal and interest due according to the note as reformed, and that the restraining order "heretofore made and in force shall be dissolved unless" the instalment payments and taxes which were in arrears, "be paid within the said ten days."    The plaintiff appealed.    *Held*, that

(1) The plaintiff, being in default under the mortgage as reformed according to his prayers, was in no position to complain because the injunction was to be dissolved unless he complied with the terms of the mortgage and note as reformed;

(2) A contention that the defendant might indorse the unreformed note to a holder in due course was without merit: as a demand note it was, on its face, overdue, and an indorsee would not be a holder in due course; and if it were reformed the plaintiff could not object to its indorsement.

BILL IN EQUITY, filed in the Superior Court on August 21, 1925.    Material evidence is described in the opinion.

In the Superior Court, the suit was referred to a master. No exceptions were filed to the master's report.    The final decree described in the opinion was entered on September 18, 1926, by order of *Dillon*, J.    The plaintiff appealed.

*D. Silverstein*, for the plaintiff.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the defendant.

CARROLL, J. In this suit in equity the plaintiff complained that he gave a note to the defendant, secured by a mortgage on real estate, in the sum of $40,000 to become due in four years from April 22, 1924; that by mutual mistake, or fraud of the defendant, said note and mortgage contained terms different from those agreed on; that the mortgage contained the agreement "that the whole of said mortgage may become due on demand," contrary to the understanding of the plaintiff and defendant; and that the defendant has started foreclosure proceedings. The plaintiff prayed that an injunction issue, restraining the foreclosure, and that the note and mortgage be reformed.

The master found that the parties agreed that the note secured by the mortgage was payable in four years from its date in instalments of $1,000 every three months, with interest at seven per cent per annum, payable with the instalments; that by mutual mistake the note and mortgage securing it were made payable on demand; that at the time the foreclosure proceedings were instituted there was no breach of the conditions of the mortgage "as understood and agreed by the plaintiff and defendant, except the non-payment of taxes"; and that since August 1, 1925, and up to the time of the hearing before the master, in December, 1925, no payment of principal or interest has been made.

In the Superior Court a decree was entered directing that the mortgage be reformed by substituting the words "in four years, with quarterly instalments of one thousand dollars each" for the words, "on demand"; that the note be reformed so as to be payable in instalments of $1,000 every three months until April 22, 1928, "at which time the balance shall be paid." The decree ordered the plaintiff to pay the principal and interest due to July 22, 1926, within ten days. The restraining order "heretofore made and in force shall be dissolved unless the said payments, together with taxes" in arrears, "be paid within the said ten days."

The plaintiff appealed from this decree. His contention is that he should have been awarded costs; that there was error in dissolving the temporary injunction, and that the

decree did not "go far enough in reforming the mortgage note and mortgage."

There was no error in failing to award costs to the plaintiff: they were in the discretion of the court. The decree was not open to objection because it ordered that if the plaintiff did not pay the taxes and instalments already due, within ten days, the temporary injunction should be dissolved. The plaintiff was already in default; and he cannot complain because the injunction was to be dissolved unless he complied with the terms of the mortgage and note as reformed by the court.

The plaintiff also contends that as the note was a negotiable promissory note, the defendant might indorse it to a holder in good faith. The plaintiff's rights were sufficiently protected by the decree. The note as written was payable on demand; it was dated April 22, 1924. The decree was entered in September, 1926. The indorsee therefore would not be a holder in due course even if the note were not reformed. *American Bank* v. *Jenness*, 2 Met. 288. G. L. c. 107, § 76. .

*Decree affirmed.*